DA 10-0039

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2010 MT 189N

ANDY JENSEN,

      Plaintiff and Appellant,

    v.

ABSAROKEE WATER & SEWER DISTRICT,
KARL GAUSTAD, MIKE BORSETH, MARY
ANNA ESPELAND, WENDY SCOTT and
DEANN GAUSTAD,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Twenty-Second Judicial District,
                  In and For the County of Stillwater, Cause No. DV-09-57
                  Honorable Randal I. Spaulding, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

             Michael B. Anderson; Anderson & Liechty, P.C., Billings, Montana

        For Appellees:

             Michael W. Sehestedt; MACo Legal Services, Helena, Montana

                              Submitted on Briefs:  July 28, 2010

                                       Decided:  August 24, 2010

Filed:

                _____
                               Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 At the time the complaint was filed in this case in June, 2009, Andy Jensen was the manager for the Absorokee Water and Sewer District. He sued the District and each of its board members individually after an advertisement was published in the local newspaper that appeared to solicit applicants for his job. Jensen sought injunctive relief; production of board meeting tapes; damages for slander from one board member; a writ of mandate directing future operations of the board; and attorney fees. The District Court issued a temporary restraining order and held evidentiary hearings over several days in August, 2009, covering more than 500 pages of transcript. Thereafter the District Court dismissed the individual board member defendants and granted the Board's motion for judgment on the pleadings. Jensen appeals and we affirm.

¶3 Jensen's employment was not terminated, no one was hired to replace him, and he suffered no loss of wages. The gravamen of the complaint is that Jensen was embarrassed and stressed by the newspaper ad and questions about it from people in town. The District Court concluded that the individual defendants should be dismissed

pursuant to § 2-9-305, MCA; that claims of open meeting law violations were time-barred by § 2-3-213, MCA; that a writ of mandamus was not an appropriate enforcement mechanism for the open meeting law; that the board had no clear legal duty to produce the tapes; and that the slander claim was barred by § 27-1-804, MCA.

¶4     We have reviewed the District Court's order and the record and it is based upon the appropriate legal standards and upon sufficient evidence.   We find no reason in fact or law to disturb the District Court's order.

¶5     Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ BRIAN MORRIS